IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| RICKY BENSON, <br><br> Plaintiff, <br><br> vs. <br><br> MARK H. LUTTRELL, JR., et al., <br><br> Defendants. | No. 13-2817-JDT-dkv |

ORDER TO FILE FINANCIAL DOCUMENTATION
OR PAY FULL APPELLATE FILING FEE

Plaintiff, who is currently an inmate at the Shelby County Correctional Center, filed a pro se complaint pursuant to 42 U.S.C. § 1983. The court issued an order on July 7, 2014, that, *inter alia*, dismissed those claims and assessed the civil filing fee [DE# 12]. Subsequently, judgment was entered for Defendants [DE# 13]. Plaintiff has now filed a notice of appeal.

Under the Prison Litigation Reform Act of 1995 ("PLRA"), 28 U.S.C. § 1915(a)-(b), prisoners who file a civil appeal must pay the full appellate filing fee. The prisoner may, however, be able to take advantage of the installment payment method of § 1915(b). See McGore v. Wrigglesworth, 114 F.3d 601, 604 (6th Cir. 1997) ("[w]hen an inmate seeks pauper status, the only issue is whether the inmate pays the entire fee at the initiation of the proceeding or over a period of time under an installment plan. Prisoners are no longer entitled to a waiver of fees and costs.") In addition, the United States Court of Appeals for the Sixth Circuit has held that a certification that an appeal is not taken in good faith does not preclude an indigent prisoner plaintiff from using the installment procedures of § 1915(b) to pay the filing fee. McGore, 114 F.3d at 610-11.

In order to take advantage of the installment procedures, a prisoner plaintiff must properly complete and submit to the district court an application to proceed *in forma pauperis* with Form 4 from the Appendix of Forms found in the Federal Rules of Appellate Procedure, or an affidavit which contains the same detailed information found in Form 4. McGore, 114 F.3d at 610. The prisoner must also submit a certified prison trust account statement, showing all activity in his account for the past six months, and specifically showing: (1) the average monthly deposits and (2) the average monthly balance, for the six months immediately prior to the filing of the notice of appeal, and (3) the account balance when the notice of appeal was submitted.

In this case, Plaintiff has not submitted an *in forma pauperis* affidavit or a prison trust fund account statement. Therefore, at the present time, Plaintiff is not eligible to take advantage of the installment payment procedures of § 1915(b). Plaintiff is, however, liable to the court for the full appellate filing fee, which accrued at the moment the notice of appeal was filed. Accordingly, Plaintiff is hereby ORDERED to submit an *in forma pauperis* affidavit and a certified trust account statement or submit the full appellate filing fee to the following address within thirty (30) days after the entry of this order:

    Clerk, United States District Court, Western District of Tennessee
    167 N. Main, Room 242, Memphis, TN 38103

If Plaintiff needs additional time to file the required documents, he may, within thirty (30) days after the entry of this order, request an extension of time from this court. McGore, 114 F.3d at 609. Any extension granted may not exceed an additional thirty (30) days. Id.

If Plaintiff fails to file the required documentation in a timely manner, the court will assess the entire filing fee without regard to the installment payment procedures and will notify the Court of Appeals, who may dismiss the appeal for failure to prosecute under Fed. R. App. P. 3(a)(2). If dismissed under these circumstances, the appeal will not be reinstated despite the subsequent payment of the full filing fee and regardless of any request for pauper

status. However, if Plaintiff timely submits the proper documentation, and the court finds that Plaintiff is indeed indigent, then the court will assess the filing fee in accordance with the installment procedures of § 1915(b).

The Clerk will provide Plaintiff a copy of the correct affidavit form with this order. The Clerk also is directed to mail a copy of this order to the United States Court of Appeals for the Sixth Circuit.

IT IS SO ORDERED.

                                          s/ **James D. Todd**
                                          JAMES D. TODD
                                          UNITED STATES DISTRICT JUDGE